**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOHN LANCASTER, and** | ) | |
| **SABRA LEONBERGER, as special** | ) | |
| **administrator of the estate of** | ) | |
| **Bill Woods, Jr.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 08-CV-0133-MJR** |
| | ) | |
| **ASTELLAS PHARMA, INC.,** | ) | |
| **ASTELLAS PHARMA US, INC.,** | ) | |
| **ASTELLAS US, LLC, and** | ) | |
| **ASTELLAS PHARMA** | ) | |
| **MANUFACTURING, INC.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

### A.  Introduction and Background

Plaintiffs originally filed the above-captioned action in the Circuit Court, Twentieth

Judicial Circuit, St. Clair County, Illinois on January 25, 2008.  This case arises from injuries that

Plaintiffs allege were caused by their use of Defendants' product, Protopic.  Plaintiffs allege that

Protopic causes lymphoma and other serious health effects, and that Defendants engaged in wrongful

conduct while designing, manufacturing, distributing, and selling the drug.  Specifically, Lancaster

alleges that he developed Non-Hodgkin's lymphoma caused by his use of Protopic.  Leonberger, on

behalf of the estate of Bill Woods, Jr., alleges that Protopic caused Woods to develop Non-

Hodgkin's lymphoma, from which he died on October 14,  2005.  Each Plaintiff raises thirty-two

counts against the collective Defendants, including claims for negligence, strict product liability,

common law fraud, breach of express and implied warranties, unjust enrichment, and Illinois

statutory fraud.

Defendants removed the case to this District Court on February 25, 2008 alleging subject matter jurisdiction under the federal question statute, **28 U.S.C. § 1331**. Defendants argue that a substantial federal question exists because Plaintiffs attack Protopic's labeling as inadequate and claim that Defendants committed a fraud on the FDA during the approval process. ***See, e.g., Doc. 2-2, ¶¶ 52, 53, 55, 95, 96, 114, 115, 116.*** Defendants also claim that a federal question is raised by the complaint because the presiding court will ultimately have to determine whether FDA approval of product labeling preempts conflicting state law claims as to the adequacy of prescription drug warnings. Finally, Defendants claim that Plaintiffs' claims under the Illinois Consumer Fraud Act raise a federal question because that issue depends on whether Defendants' conduct was in compliance with FDA regulations.

Plaintiffs argue that no substantial federal question exists and therefore move the Court to remand this lawsuit to state court (Doc. 10). For the reasons stated below, Plaintiffs' motion is **GRANTED.**

## B.  Analysis

**28 U.S.C. § 1331** provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Consequently, where such a case is filed in a state court, defendants may remove the action to federal court under **28 U.S.C. § 1441**, which states:

> any civil action brought in a State court of which the district courts of the
> United States have original jurisdiction, may be removed by the defendant
> or the defendants, to the district court of the United States for the district and
> division embracing the place where such action is pending.

However, **28 U.S.C. § 1447(c)** provides that "[i]f at any time before final judgment it appears that

the district court lacks subject matter jurisdiction, the case shall be remanded."

The removing party has the burden of demonstrating the existence of federal jurisdiction. *See Doe v. Allied-Signal, Inc.*, **985 F.2d 908, 911 (7th Cir. 1993).** "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* Additionally, remand is favored where there are doubts about removal. *Id.* As a result, the Court must remand the instant case unless it can locate a legitimate federal question within Plaintiffs' claims.

As noted above, federal subject matter jurisdiction exists in cases arising under federal law. Defendants argue that federal question subject matter jurisdiction exists here pursuant to the rule stated in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, **545 U.S. 308 (2005).** There, the Supreme Court held that in addition to claims raised by a federal cause of action, federal jurisdiction lies where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial." *Id.* **at 314.** The case involved a state-law quiet title action, where the petitioner claimed that the Internal Revenue Service failed to give proper notice before it seized real property and sold it to a third party. *Id.* **at 310.** The only disputed issue was the interpretation of a notice statute in federal tax law. *Id.* **at 311.** The Court found that federal jurisdiction existed, noting that the statute's meaning was "an essential element of [petitioner's] quiet title claim, and the meaning of the federal statute is actually in dispute." *Id.* **at 315.**

However, the Supreme Court has further recognized that *Grable* only applies to a small category of cases. *Empire Healthchoice Assur. Inc. v. McVeigh*, **547 U.S. 677, 701 (2006).** And in light of this, Plaintiffs instead champion *Merrell Dow Pharmaceuticals Inc. v. Thompson*, **478 U.S. 804 (1986).** There, the plaintiff alleged that ingestion of a drug manufactured by the

defendant resulted in birth defects, claiming in part that the drug was "misbranded" in violation of the Food, Drug, and Cosmetic Act (FDCA).  *Id.* **at 805.**  The Supreme Court found that the labeling claims belonged in state court, noting that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  *Id.* **at 813.**  In doing so, the Court held that even though federal law would have to applied in resolving the case, the issues did not sufficiently implicate important federal interests, since the FDCA provides no federal cause of action.  *Id.* **at 814.**

As noted above, Defendants argue that Plaintiffs' claims regarding inadequate labeling and fraud on the FDA trigger federal jurisdiction.  With respect to the labeling issue, the Court finds that *Merrell Dow* is controlling.  Though *Merrell Dow* dealt with an allegation of misbranding under the FDCA, the allegations involved here are sufficiently similar that the circumstances tend toward remand.  While consideration of federal regulations may indeed be involved in the disposition of this action, that alone is not sufficient to create subject matter jurisdiction.  State courts regularly and ably hear cases involving federal issues similar to those raised here, and the Court cannot view the Supreme Court's ruling in *Grable* to require that such misbranding claims create federal question jurisdiction.

Defendants further argue that a federal question exists here because "Defendants will ultimately ask this Court to find that Plaintiffs' state tort claims impermissibly conflict with FDA regulatory decisions regarding Protopic and are thus preempted" (Doc. 20, p. 7).  However, "it is now well-settled that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."

*Caterpillar, Inc. v. Williams*, **482 U.S. 386, 393 (1987) (emphasis in original).** Thus, the fact that Defendants plan to argue as a defense that the FDA's labeling decisions preempt state tort claims does not, in and of itself, create a federal question.

The exception to this rule occurs only where "an area of state law has been completely pre-empted, [because] any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* Such is not the case here. Under Seventh Circuit law, complete preemption occurs only when a federal statue provides an exclusive federal remedy.

> [T]he . . . ability to bring suit under [federal law] is an element of complete preemption. . . . Logically, complete preemption would not be appropriate if a federal remedy did not exist in the alternative. Otherwise, a plaintiff would be forced into federal court with no relief available for "vindicating the same interest." . . . Preemption is what wipes out state law, but the foundation for removal is the creation of federal law to replace state law. . . . Accordingly, unless the federal law has created a federal remedy—no matter how limited—the federal law, of necessity, will only arise as a defense to a state law action and will thus not give rise to the federal question jurisdiction underlying complete preemption. . . . [T]he existence of a private right of action under federal law is an antecedent of complete preemption.

*Rogers v. Tyson Foods, Inc.*, **308 F.3d 785, 788 (7th Cir. 2002) (internal quotations and citations omitted).** However, Defendants have put forth no credible argument that federal law provides an exclusive remedy for Plaintiffs' claims. They simply argue that the FDA believes that state law is preempted if it conflicts with the FDA's approved labeling. The agency's independent conclusions, however, are not binding on this Court. Defendants also make much of the fact that the Supreme Court recently granted *certiorari* in a case involving a similar preemption issue. *See Wyeth v. Levin*, **128 S. Ct. 1118 (2008) (granting *certiorari*).** However, no ruling has been made in that

case, and the law as it stands now indicates that Plaintiffs claims are not completely preempted.

Next, Defendants argue that federal jurisdiction exists here because Plaintiffs allege that Defendants committed fraud on the FDA. Defendants argue that in order to determine whether any such fraud was committed, the Court will have to "sift through and interpret [federal] regulations" (Doc. 20, p. 9). The Court does not agree that such a claim automatically triggers federal jurisdiction.

Defendants' argument that these possible fraud on the FDA claims necessarily implicate a substantial federal question relies on ***Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).** There, the Supreme Court held that certain state-law fraud on the FDA claims are impliedly preempted by FDCA provisions. However, as noted above, though substantive preemption may displace state law, it is only complete preemption that creates federal subject matter jurisdiction. In *Buckman*, the Court was dealing with ordinary, substantive preemption, which operates as a defense and does not confer "arising under" jurisdiction. And as already noted above, Defendants have not indicated that any federal law or regulation completely preempts the state-law claims in this action.

Finally, Defendants argue that Plaintiffs' claims under the Illinois Consumer Fraud Act raise a substantial federal question because such claims are premised on Defendants' alleged violation of federal regulations. According to Defendants, "any determination of Plaintiffs' claims similarly requires an interpretation of the thicket of FDA regulations that govern the approval and marketing of prescription drugs" (Doc. 20, p. 12). However, beyond these broad assertions, Defendants provide nothing to support their claim that federal jurisdiction lies here. For reasons already stated, the mere fact that a state court may have to reference federal regulations in

determining the outcome of a claim is not sufficient by itself to create a substantial federal question under *Grable*. Indeed, as the Supreme Court found in *Merrell Dow*, the presence of a federal issue in a claim raised under state law does not in and of itself confer jurisdiction upon a district court.

Under the circumstances, the Court cannot find that Defendants have carried their burden of demonstrating that subject matter jurisdiction properly lies in this case.

## C.  Conclusion

Accordingly, for the reasons stated above, the Court hereby **GRANTS** Plaintiffs' motion to remand (Doc. 10) and **REMANDS** this case to state court.

**IT IS SO ORDERED.**

**DATED this 23rd day of September 2008.**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**